### Daniel Sprague *vs.* Grove W. Branch.

The seller of a pair of horses, at the time of the delivery of them to the purchaser, told the latter that he did not part with the property in them, and that they were to remain his (the seller's) until paid for; but the seller, at the same time, received a mortgage of the horses from the purchaser, to secure the payment of a promissory note from the latter to him; and the horses being afterwards attached as the property of the purchaser, the seller claimed the property in them by virtue of his mortgage: It was held, that the property in the horses passed by the sale to the purchaser, and revested in the seller by virtue of the mortgage; and that by the acceptance of the mortgage and claiming the property under the same, the seller was estopped to deny the acquisition of title thereby, or to set up and claim under his original title.

When the mortgagee of personal property, which is attached for the debt of the mortgagor, demands of the attaching officer payment of the money due him, in pursuance of the Rev. Sts. *c.* 90, § 79, it is not a sufficient statement of "a just and true account of the debt or demand for which the property is liable to him," to set forth, that it is held by the mortgagee to secure the payment of the mortgagor's note to him for a certain specified sum.

THE defendant, a deputy sheriff, having attached, among other things, a pair of horses, as the property of one David Scott, Jr., the plaintiff claimed the same as his property, and brought this action of trespass against the defendant to recover damages for such taking.

At the trial, which was before *Mellen*, J., in the court of common pleas, the following facts appeared in evidence: —

The horses were delivered by the plaintiff to Scott, at the office of the attorney, by whom the mortgage hereinafter mentioned was written; and, at the time of the delivery, the plaintiff said to Scott, that he did not part with the property in the horses to him. While the attorney was writing the mortgage, the plaintiff told him, that he wanted a kind of writing to call the horses his, until he was paid the amount that was on them; that Scott was to pay him for the horses in drawing wood, to the amount of $12 a month, until the price, $140, should be paid; and that the horses were to be the plaintiff's, until they should be thus paid for. From this time until the attachment, Scott was employed all the time he worked for any person, in drawing wood for the plaintiff.

It appeared, further, that by an instrument bearing date the 27th of December, 1847, and recorded the day following, Scott mortgaged to the plaintiff the horses and other property mentioned in the writ, to secure the payment of a promissory note of the same date from him to the plaintiff for the sum of $112.

It appeared, also, that on the day of the attachment, the plaintiff demanded the property of the defendant, by means of a written demand, of which the following is a copy : —

" To Grove W. Branch, Deputy Sheriff. I hereby demand of you the following property, viz., one pair of brown horses, switch tails and about twelve years old, each valued at one hundred and forty dollars: Also one pair of double sleighs, and one set of double harness. The same is held by me by virtue of a mortgage of David Scott, Jr., to secure the payment of said Scott's note to me given for one hundred and twelve dollars, and said property is said to be attached by you.     Yours, &c.,     DANIEL SPRAGUE.

PITTSFIELD, January 25, 1848.'

This demand had indorsed upon it a certificate signed with the initials of Charles Wright, who had since deceased ; and it was agreed, that, if living, Wright would testify to the facts stated therein, and that the certificate should have the like effect, as if he were present and swore to the facts The certificate was as follows : —

" I saw said Sprague deliver a notice at the above date, of which this is a copy, to Grove W. Branch. He had the note above named and the mortgage with him, and demanded payment of Branch, and he refused to pay or give up the property.     C. W., Deputy Sheriff."

On this evidence, the presiding judge ruled, that the plaintiff could not maintain this action ; that the demand was insufficient ; and that he could not recover as on a conditional sale ; the jury thereupon rendered a verdict for the defendant, and the plaintiff alleged exceptions.

*T. G. Gold,* (with whom was *J. Rockwell,*) for the plaintiff.

*E. Merwin,* for the defendant.

WILDE, J. This is an action of trespass for the taking and carrying away of two horses, which were proved to be the property of the plaintiff, but which, before the taking by

the defendant, had been sold to one David Scott, Jr., and by him mortgaged to the plaintiff, to secure the payment of a promissory note for $112.

At the time of the delivery of the horses, the plaintiff said to Scott, that he did not part with the property in the horses, and that they were to be his until paid for. The horses were attached by the defendant, a deputy sheriff, as the property of Scott.

On this evidence, it was contended by the plaintiff, that he had never parted with his property in the horses, and that he was entitled to recover on his original title. But it is quite clear, that the property did pass by the sale to Scott, and that afterwards it revested in the plaintiff under the mortgage; and this he is estopped to deny by his acceptance of the mortgage. Indeed, it might be argued, that by the plaintiff's acceptance of the. mortgage, his former title was extinguished. If a lessee for the term of twenty years accepts of a lease of the same land for ten years, by the lessee's acceptance of the new lease, the term of twenty years is determined in law. Jacob's Law Dict. by Tomlin, Estate.

But if the plaintiff's original title were not extinguished, he certainly held the property under the mortgage, of the existence of which he notified the defendant in writing, after the attachment; and this also would estop the plaintiff to set up his first title.

The only remaining question is, whether the notice, and demand of payment of the mortgage debt, were sufficient to dissolve the attachment, as the defendant at the time of the demand refused to pay it, and the same has never since been paid.

By the Rev. Sts. *c.* 90, § 79, the plaintiff was required, when he made the demand of payment of the money due to him, to state, in writing, a just and true account of the debt or demand for which the property was liable to him. And it appears by the written notice, that no such statement was made. The only statement in writing was, that the mortgage was given to secure the payment of Scott's note to the

plaintiff for one hundred and twelve dollars. This was not a statement of the amount then due on the note, but only a description of what the mortgage was given for. But however this may be, it clearly was not a just and true statement of the money then due, for a part had been paid. It does not appear by the parol evidence, that any verbal statement of the amount due was made, but if there had been, it would not supply the defect in the written statement.

*Exceptions overruled, and judgment for defendant.*